UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNI§§§§§A

| | |
|---|---|
| ELI HERNANDEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CHRISTOPHER DALTON and SEANN WOESSNER,<br><br>　　　　Defendants. | CASE NO. 1:13-CV-0225 AWI JLT<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS<br><br>ORDER DISMISSING ACTION WITH LEAVE TO AMEND WITHIN THIRTY DAYS |

## BACKGROUND

Plaintiff has filed the Court's standard form, with addition information written by Plaintiff, that states in the title that this action is based on the "Civil Rights Act, 42 U.S.C. § 1983." On May 31, 2013, Defendants filed a motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendants contend that the complaint does not support a cause of action under the Fourteenth Amendment. Defendants also contend that the alleged facts do not support a claim for false imprisonment. Plaintiff did not file any opposition to Defendants' motion. On July 9, 2013, Defendants filed a reply brief.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the

absence of sufficient facts alleged under a cognizable legal theory. Johnson v. Riverside Healthcare Sys., 534 F.3d 1116, 1121 (9th Cir. 2008); Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). In reviewing a complaint under Rule 12(b)(6), all of the complaint's material allegations of fact are taken as true, and the facts are construed in the light most favorable to the non-moving party. Marceau v. Balckfeet Hous. Auth., 540 F.3d 916, 919 (9th Cir. 2008); Vignolo v. Miller, 120 F.3d 1075, 1077 (9th Cir. 1999). The court must also assume that general allegations embrace the necessary, specific facts to support the claim. Smith v. Pacific Prop. and Dev. Corp., 358 F.3d 1097, 1106 (9th Cir. 2004). However, the court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1056-57 (9th Cir. 2008); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). Although they may provide the framework of a complaint, legal conclusions are not accepted as true and "[t]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009). The Supreme Court has explained:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Thus, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 129 S.Ct. at 1949. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949.

> The plausibility standard is not akin to a 'probability requirement,' but it asks more than a sheer possibility that a defendant has acted unlawfully. Where a complaint

> pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.' Determining whether a complaint states a plausible claim for relief will . . . be a context specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief.
> . . . .

Iqbal, 129 S.Ct. at 1949-50. "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

## ALLEGED FACTS

The complaint alleges that on about December 1, 2012, at 1:30 a.m. or 2:00 a.m., Plaintiff was taking a walk and bought a pack of cigarettes and a lighter at an AM/PM store. The complaint alleges that he was smoking a cigarette and walking in an alley when he heard tires screeching. The complaint alleges Plaintiff ran because he did not know who was in the car and he thought he was going to be run over. The complaint alleges that when Plaintiff realized it was a patrol officer, he ran faster because he was in possession of "meth" and "had a couple of warrents (sic.)."

The complaint alleges that Plaintiff matched the description of a person who had recently be chased by police. The complaint contends Plaintiff was not the person the officers were looking for. The complaint alleges that Plaintiff was not carrying any weapons.

The complaint alleges Plaintiff made his way into someone's backyard, entered the patio, and hid under a carpet. The complaint alleges that when the officers entered the patio, Plaintiff jumped up and said he could not run anymore and that he was sorry for running. The complaint alleges that an officer pointed a gun at his face when he jumped up. The complaint alleges that a second officer then arrived and unleashed his K-9. The complaint alleges that Plaintiff had a gun

to his face while he was being bitten. The complaint alleges a third officer arrived and the first officer put his gun away. The complaint alleges that all three officers then beat him with their batons.

**DISCUSSION**

Defendants first allege that Plaintiff has not set forth a statutory mechanism for this action. The first page of the complaint states that this is a civil rights action pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, the Complaint must plead "(1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right." Hydrick v. Hunter, 500 F.3d 978, 987 (9th Cir. 2007) (internal citation omitted), *vacated on other grounds by* 129 S.Ct. 2431 (2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). While Plaintiff did not personally write any reference to § 1983, the complaint Plaintiff used is the Court's standard complaint form for civil rights cases and the form references § 1983. The Court finds the complaint form's brief reference to § 1983 is sufficient to allege a statutory mechanism for this action. However, the complaint, as currently written, does not state a § 1983 claim for a Constitutional violation.

The complaint states that after Plaintiff was complying with Officer Dalton, Officer Dalton kept pointing his gun at Plaintiff and another officer still let the K-9 loose. The complaint alleges that while the K-9 was biting Plaintiff, Officer Dalton, Officer Woessner, and an unidentified officer started beating Plaintiff with batons. The complaint contends this is "a clear case of cruel on (sic.) unusual punishment witch (sic.) is a violation of my 14 Addmentment (sic.)."

Defendants argue that Plaintiff may not proceed with this excessive force action based on the Fourteenth Amendment. Defendants are correct. The Fourteenth Amendment cannot supply the basis for a civil rights claim if the challenged governmental conduct is prohibited by another, more specific, constitutional right. Graham v. Connor, 490 U.S. 386, 394-95 (1989). In this action, the Fourth Amendment provides Plaintiff with a more specific constitutional right.

4

However, the only way the Fourth Amendment is applicable to the States is by the Fourteenth Amendment. Maryland v. Pringle, 540 U.S. 366, 369 (2003); California v. Minjares, 443 U.S. 916, 921 (1979); Wolf v. Colorado, 338 U.S. 25 (1949). Thus, it is unclear Plaintiff's reference to the Fourteenth Amendment was incorrect or if he merely failed to add the Fourth Amendment. Regardless, a claim that law enforcement officers used excessive force prior to arrest or an indictment is to be analyzed under the Fourth Amendment and its standard of objective reasonableness. Graham v. Connor, 490 U.S. 386, 395 (1989); Tekle v. United States, 511 F.3d 839, 844 (9th Cir. 2007); Drummond v. City of Anaheim, 343 F.3d 1052, 1056 (9th Cir. 2003).

The analysis of whether a specific use of force was reasonable "requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing government interests at stake." Graham, 490 U.S. at 396. The first factor in determining whether the force used was excessive is the severity of the force applied. Tekle 511 F.3d at 844; Drummond ex rel. Drummond, 343 F.3d at1056. The second factor, and the most important, is the need for the force. Miller v. Clark County, 340 F.3d 959, 964 (9th Cir.2003). The amount of force used is permissible only when a strong government interest compels the employment of such force. Tekle, 511 F.3d at 844-45; Drummond, 343 F.3d at 1057; Deorle v. Rutherford, 272 F.3d 1272, 1280 (9th Cir.2001). Factors to be considered in determining the need for the force include "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight. " Blanford, 406 F.3d at 1115 (quoting Graham, 490 U.S. at 396). Finally, the Court must balance the force used the need for force to determine whether the force used was "greater than is reasonable under the circumstances." Tekle, 511 F.3d at 844-45;  Santos v. Gates, 287 F.3d 846, 854 (9th Cir.2002).

In this action, the Court finds that Plaintiff's failure to cite to the Fourth Amendment is grounds for dismissal. However, the Court may not dismiss a complaint without leave to amend

unless it is clear that the complaint could not be saved by any amendment. <u>Jackson v. Carey</u>, 353 F.3d 750, 758 (9th Cir. 2003); <u>Chang v. Chen</u>, 80 F.3d 1293, 1296 (9th Cir. (9th Cir. 1996). In this action, the Court will give Plaintiff leave to file an amended complaint alleging a Fourth Amendment violation that is brought pursuant to 42 U.S.C. § 1983.

Defendants contend that any additional tort claims brought under California law, such as false imprisonment, must be dismissed. It is unclear whether Plaintiff intends to make any tort claims under California law. To the extent Plaintiff is raising tort claims, Plaintiff is advised that, in a civil rights action, a plaintiff's pendent state law claims are barred unless the plaintiff has complied with the requirements of the California Tort Claims Act ("CTCA") before commencing the civil action. <u>Karim-Panahi v. Los Angeles Police Dept.</u>, 839 F.2d 621, 627 (9th Cr. 1988). Before suing a public entity and public employee, a plaintiff must present a timely written claim for damages to the public entity. <u>See</u>  Cal. Gov't Code §§ 911.2, 946.4, & 946.6; <u>Shirk v. Vista Unified School Dist.</u>, 42 Cal.4th 201, 208 (2007); <u>K.J. v. Arcadia Unified School Dist.</u>, 172 Cal.App.4th 1229, 1238 (2009). Such a claim must be presented to the governmental entity no later than six months after the cause of action accrues. Cal. Gov't Code § 911.2; <u>Shirk</u>, 42 Cal.4th at 208; <u>K.J.</u>, 172 Cal.App.4th at 1238.

The complaint provides no information about whether Plaintiff has complied with the CTCA or filed any type of administrative grievance. Because compliance with the CTCA is necessary to state a tort cause of action in these circumstances, the absence of any alleged facts concerning compliance with the CTCA requires the Court to dismiss any such claims. Although the Court will allow Plaintiff to amend the complaint to specifically include tort claims and allege compliance with the CTCA, Plaintiff is advised that any amended complaint that includes such claims must be based upon a well-founded belief that a cognizable or arguable legal theory exists that would support Plaintiff's claims. <u>See</u> Fed. R. Civ. P. 11.

Accordingly, the Court ORDERS that:

1. Defendants' motion to dismiss is GRANTED;

2. The complaint is DISMISSED with leave to amend;

3. Any amended complaint SHALL BE FILED within thirty days of this order's date of service; and

4. Plaintiff is advised that failure to file an amended complaint may result in sanctions, including dismissal of this action.

IT IS SO ORDERED.

Dated:   July 30, 2013                                    _____
                                                          SENIOR  DISTRICT  JUDGE