UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELI HERNANDEZ,<br><br>            Plaintiff<br><br>      v.<br><br>CHRISTOPHER DALTON, et al.,<br><br>            Defendants | CASE NO. 1:13-CV-225 AWI JLT<br><br>ORDER ON DEFENDANTS' RULE 41(b) MOTION TO DISMISS AND CLOSING CASE<br><br>(Doc. No. 22) |

On July 30, 2013, the Court granted Defendants' motion to dismiss and dismissed the entire complaint with leave to amend. See Doc. No. 21. The Court gave Plaintiff 30 days in which to file an amended complaint. See id. To date, no amended complaint has been filed. Instead, Defendants filed a Rule 41(b) motion to dismiss for lack of prosecution. Plaintiff has filed no opposition or response of any kind.

Rule 41 in pertinent part reads: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. Pro. 41(b). In considering whether to dismiss a case under Rule 41(b), courts consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. See Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992). Dismissal of a case may be appropriate under Rule 41(b) where a plaintiff fails to amend a complaint within the time set by a court in a Rule 12(b) order. See Yourish, 191 F.3d at 987; Ferdik, 963 F.2d at 1260-61; Toyota Landscape Co., Inc. v. Building Material & Dump Truck Drivers Local 420, 726 F.2d 525, 528 (9th Cir. 1984).

Here, in ruling on Defendants' Rule 12(b) motions, the Court explained the deficiencies of the complaint. The Court instructed Plaintiff that he could file an amended complaint that

conformed to the analysis of the order within 30 days.  The Court also warned: "Plaintiff is advised that failure to file an amended complaint may result in sanctions, including dismissal of this action." Doc. No. 21.  Plaintiff did not respond in any way to the Court's order.

Considering the factors in *Ferdik*, the Court concludes that dismissal is appropriate.  The public's interest in an expeditious resolution favors dismissal.  This Court has an extraordinarily congested docket, and thus, the need to manage that docket weighs in favor of dismissal.  There is no apparent reason for Plaintiff's delay in either filing an amended complaint or responding to this motion, which favors dismissal.  Ordinarily the public policy favoring decisions on the merits weighs against dismissal, but in this case, there are no plausible claims alleged.  Without plausible claims, this factor weighs in favor of dismissal.  Finally, the Court is aware of no lesser sanction or alternatives.  The Court warned Plaintiff that dismissal could occur if an amended complaint was not filed, and Defendants filed this Rule 41(b) motion.  This case cannot proceed without a viable complaint.  It is apparent that Plaintiff no longer wishes to proceed with this case, and dismissal under Rule 41(b) is appropriate.  See Fed. R. Civ. Pro. 41(b); Yourish, 191 F.3d at 987; Ferdik, 963 F.2d at 1260-61; Toyota Landscape, 726 F.2d at 528.

**ORDER**

Accordingly, IT IS HERBYR ORDERED that:

1. Defendants' Rule 41(b) motion to dismiss is GRANTED;
2. This case is DISMISSED under Rule 41(b) for failure to prosecute; and
3. The Clerk shall CLOSE this case.

IT IS SO ORDERED.

Dated:   October 29, 2013                              _____
                                                                          SENIOR  DISTRICT  JUDGE